DANIEL WAITE & others *vs.* ARAD GILBERT.

A carrier who at first wrongfully refuses to deliver, but afterwards delivers goods consigned to a manufacturer, is not liable for consequential damages arising from delay to the consignee's works caused by such refusal, or for a loss of profits from the same cause ; but is liable for the expense of sending to the carrier's office a second time for the goods.

ACTION on the case for the recovery of damages caused by the detention of freight belonging to the plaintiffs. The case was submitted to the court on an agreed statement of the fol lowing facts :

Three barrels of dye-stuffs belonging to the plaintiffs were received at the depot of the Western Railroad Corporation ir West Brookfield, at which place the defendant was agent The plaintiffs sent their servant from North Brookfield to the depot for the dye-stuff, and he offered to pay the freight on the same. The defendant refused to deliver it until the plaintiffs paid the freight on a lot of wood delivered to them previously. After detaining said dye-stuff one day, the defendant delivered it to the plaintiffs.

At the trial before the justice of the peace, where the action was originally brought, the plaintiffs offered evidence tending to prove the following items of damage to them arising from the detention of this freight; and also, that the mill stopped in consequence of the detention of the same.

| | |
|---|---|
| Damage caused by delay of the work in the dye-house | $2.00 |
| Damage from same cause in the weaving, carding and spinning rooms . . . . . . . | 5.00 |
| Expenses of servant after freight to West Brookfield, when refused . . . . . . . | 1.00 |
| Profits lost to manufacturer by delay . . . | 2.00 |
| | $10.00 |

The defendant offered no evidence, and the magistrate gave the plaintiffs judgment for the full amount of their claim, consisting of the foregoing items. From this judgment the defendant appealed to the court of common pleas.

Upon the foregoing statement of facts, the presiding judge

in the court of common pleas, *Merrick*, J. ordered judgment to be entered for the plaintiffs, for the full amount claimed. The defendant appealed to this court.

*A. Phelps, Jr.*, for the defendant.

*J. Bliss*, for the plaintiffs.

BY THE COURT. This is a justice action to recover damages, for the neglect of the defendant, who was superintendent of the depot of the Western Railroad at West Brookfield, in the detention of three barrels of dye-stuffs, received there by the railroad. It is submitted to the court on facts agreed, and the only question is the measure of damages. We are aware of no rule of damages, applicable to this case, more precise than this; that in such case, the negligence must be the immediate and not the remote cause of damage; and that the plaintiffs are entitled to recover the actual damage, of which such negligence is the direct and efficient cause, and no other. Of the four items charged by the plaintiffs as stated in the agreed facts, the only one which in our opinion comes within this rule, is that of one dollar for expenses in sending a servant to the depot, when the goods were refused; and judgment is to be entered accordingly.

*Judgment accordingly.*